UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: ____________

JONENE A. HISCOCK,
and all similarly situated individuals,

CIV-MIDDLEBROOKS

Plaintiff,

v.

MAGISTRATE JUDGE
VITUNAC

HIPPOCRATES HEALTH INSTITUTE OF FLORIDA, INC.,
a Florida Corporation, and
BRIAN CLEMENT,
individually,

Defendants.

_______________________________________/

COMPLAINT

Plaintiff Jonene A. Hiscock ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, Hippocrates Health Institute of Florida, Inc., a Florida Corporation ("Hippocrates Heath Institute") and Brian Clement individually ("Brian Clement") (together referred to as "Defendants"), and states as follows:

JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq. hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).



PARTIES

3.      At all times material hereto, Plaintiff Hiscock was, and continues to be, a resident of Palm Beach County, Florida.

4.      At all times material hereto, Hippocrates Heath Institute was, and continues to be, a Florida Corporation.  Further, at all times material hereto, Hippocrates Heath Institute was, and continues to be, engaged in business in Palm Beach County, Florida.

5.      At all material times hereto, Brian Clement was, and is, an individual resident of the State of Florida who travels to Palm Beach County.

6.      At all material times hereto, Brian Clement is a manager or executive of Hippocrates Heath Institute who regularly exercises the authority to hire and fire employees, determines the work schedules of employees, sets the rate of pay of employees, and controls the finances and operations of Hippocrates Heath Institute.  By virtue of such control and authority, Brian Clement was, and is, the employer of Plaintiff as such term is defined by the FLSA.

7.      At all material times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8.      At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

9.      At all times material hereto, Defendants were the employer or former employer of the Plaintiff.

10.     Defendants were and continue to be an "employer" within the meaning of FLSA.

11.    At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.   Based upon information and belief, the annual gross revenue of Hippocrates Heath Institute was in excess of $500,000.00 per annum during the relevant time periods.

12.    The additional persons who may become plaintiffs in this action are employees who held positions similarly situated to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one half times their regular rate for their hours worked in excess of forty (40) hours.

13.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

14.    Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived

STATEMENT OF FACTS

15.    On or about July 2002, Plaintiff Hiscock was hired by defendants. Plaintiff's duties primarily involved providing therapy services.

16.    At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

17.    From at least July 2002 and continuing through March 2003, Defendants failed to compensate the Plaintiff at a rate of one and one half times Plaintiff's regular rates for all hours worked in excess of 40 hours in a single work week.  Plaintiff should be compensated at the rate of one and a half times Plaintiff's regular rate for those hours

that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

18. Documentation concerning the number of hours actually worked by Plaintiff and the compensation actually paid to the Plaintiff are in the possession and custody and control of Defendants.

19. Defendants have violated Title 29 U.S.C. §207 in that:

a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one half times Plaintiffs' regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

c. Defendants have failed to maintain proper time records as mandated by the FLSA.

20. Plaintiff has retained the law firm of ROSENBERG & McAULIFFE, P.L., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

COUNT I
VIOLATION OF 29 U.S.C. §207
OVERTIME COMPENSATION FOR JONENE A. HISCOCK

21. Plaintiff Hiscock realleges and reaveres paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22. From at least July 2002, continuing through on or about March 2003, Plaintiff Hiscock worked in excess of the forty (40) hours per week for which Plaintiff

was not compensated at the statutory rate of one and one half times Plaintiff's regular rate of pay.

23.     Plaintiff Hiscock was, and is, entitled to be paid at the statutory rate of one and one half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

24.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

25.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff Hiscock at the statutory rate of one and one half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is, due.

26.     Defendants have failed to properly disclose or apprise Plaintiff Hiscock of Plaintiff's rights under the FLSA.

27.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff Hiscock suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

28.     Plaintiff Hiscock is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff Hiscock respectfully requests that judgment be entered in Plaintiff's favor against Defendants Brian Clement and Hippocrates Health Institute of Florida, Inc.:

a.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and

practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due Plaintiff for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

COUNT II
OVERTIME COMPENSATION
29 U.S.C. §216(b) - STATUTORY COLLECTIVE ACTION

29. Plaintiff realleges and incorporates paragraphs 1 through 20 of the Complaint as if fully set forth herein and further alleges as follows:

30. Plaintiff brings this count on behalf of herself and other employees and former employees of Defendants similarly situated for overtime compensation and other relief pursuant to the FLSA.

31. The additional persons who may become Plaintiffs in the action are non-exempt employees of Defendants who worked and, in some instances, continue to work in excess of forty (40) hours during a work week and who were and are not paid one and one half times their regular rates of pay for the hours they worked in excess of forty hours as mandated by 29 U.S.C. §207.

32.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

33.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were expected to work in excess of forty (40) hours per week without being paid at the rate of one and one half times their regular rate of pay for those hours exceeding forty (40) hours per week.

34.     Records, if any, concerning the actual number of hours worked by Defendants' employees and former employees and the actual compensation paid to Defendants' employees and former employees similarly situated to Plaintiff are in the possession, custody and control of Defendants.

35.     All similarly situated employees are owed their overtime rates for each overtime hour that they worked, but were not paid at the statutory rate of one and one half times their regular rate of pay.

36.     Due to the intentional, willful and unlawful acts of Defendants, all similarly situated employees have suffered damages and will continue to suffer damages and incur attorney's fees and costs.

37.     As a direct and proximate result of Defendants' willful disregard of the FLSA, all similarly situated employees are entitled to liquidated damages in an equal amount to the amount by which each similarly situated employee or former employee has

been damaged.

WHEREFORE, those similarly situated employees and former employees who have or will opt into the action demand that judgment be entered against Defendants Brian Clement and Hippocrates Health Institute of Florida, Inc.

a. Declaring, pursuant to 28 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation due her for hours worked by her but for which she has not been properly compensated;

c. Awarding Plaintiff liquidated damages;

d. Awarding Plaintiff reasonable attorney's fees, costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest, and

f. Ordering any and all further relief the Court deems to be just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 12 day of June, 2003.

Respectfully submitted,

ROSENBERG & McAULIFFE, P.L.
Counsel for Plaintiff(s)
777 South Flagler Drive, Suite 800 West
West Palm Beach, Florida 33401
Telephone: (561) 515-6094
Facsimile (561) 515-6144
E-mail: info@rosenbergandmcauliffe.com

ROBIN L. ROSENBERG, ESQ.
Florida Bar No.: 0849669
MICHAEL F. MCAULIFFE, ESQ.
Florida Bar No. 0158356

ATTORNEYS FOR PLAINTIFFS

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-MIDDLEBROOKS

**I. (a) PLAINTIFFS**
JONENE A. HISCOCK,
and all similarly situated individuals

**DEFENDANTS**
HIPPOCRATES HEALTH INSTITUTE OF FLORIDA, INC.,
and BRIAN CLEMENT,
Individually

MAGISTRATE JUDGE VITUNAC

(b) County of Residence of First Listed Plaintiff Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
ROSENBERG & McAULIFFE, P.L.
777 So. Flagler Dr., West Tower, Suite 800
West Palm Beach, FL 33401

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT: ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability

REAL PROPERTY: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

TORTS — PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

PERSONAL INJURY: ☐ 362 Personal Injury—Med. Malpractice; ☐ 365 Personal Injury—Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

CIVIL RIGHTS: ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence Habeas Corpus; ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

FORFEITURE/PENALTY: ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

LABOR: X 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

BANKRUPTCY: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

OTHER STATUTES: ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce/ICC Rates/etc.; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes; ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding; ☐ 2 Removed from State Court; ☐ 3 Remanded from Appellate Court; ☐ 4 Reinstated or Reopened; ☐ 5 Transferred from another district (specify); ☐ 6 Multidistrict Litigation; ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Unpaid Overtime Wages Claim Pursuant to 29 U.S.C. sec. 201, et. seq.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 — DEMAND $ — CHECK YES only if demanded in complaint: JURY DEMAND: X Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 6/10/03 — SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY
RECEIPT # 718503 AMOUNT $150.00 APPLYING IFP ______ JUDGE Middlebrooks MAG. JUDGE Vitunac